Good morning, may it please the court and Mr. Lammers. My name is Mark Meyer. I'm appearing on behalf of appellant Charleton Maxwell. Mr. Maxwell is serving a 210 month sentence for four offenses, three counts of distribution of a controlled substance and one count of the issues on appeal relate to several instructions that were given relating to the conspiracy charge and also the manner in which the sentence was determined. The issues relating to the conspiracy conviction pertain to several instructions that were requested but not given and the question is should the court have given them and if was a failure to do so prejudicial to the defendant. The instructions in question relate to the three distribution counts and whether or not the evidence relating to those the jury should have been apprised that there had to be more than the evidence of the distributions to constitute a conspiracy. The instructions in particular are that there is no conspiracy involving just the defendant and a government agent. But that wasn't the facts in this case though was it? With respect to the three distributions it was your honor. The distributions were to a person who was a paid informant and so the basis for instruction is that alone does not constitute a conspiracy. It was also related to that is that the controlled buys with this paid informant were just part of a buyer-seller relationship. The quantities involved were all small amounts of heroin and one transaction involving 3.5 grams of methamphetamine. So that does not constitute a conspiracy. I thought that the government's theory was that it was Maxwell, his son, Mr. Davis, Mr. Graham, and Mr. Graves were all part of a conspiracy not that the government agent was part of that conspiracy. Yes that's true um and that's that's the point I think of the of requesting these instructions is this informant wasn't part of that conspiracy but the the jury not being so apprised could have assumed that that was evidence of the conspiracy even if they had decided to disregard the testimony of two other informants who testified that there was a conspiracy involving these other individuals and Charlton Maxwell. What does it matter though if they thought I mean you know if there's a conspiracy already between these individuals what does it matter whether the jury thought that the government agent was part of that conspiracy or not it doesn't it doesn't really go it doesn't really matter for purposes of the existence of the conspiracy itself. Well I think that goes into the question of prejudice I mean clearly with respect to these transactions there was a buyer-seller relationship and the informant uh was a government agent so those transactions didn't establish a conspiracy um was there other evidence to establish a conspiracy well that's that's the question and that would be what would you know arguably make these instruction errors harmless but our position is that the jury could have ignored what these other Mullen I'll give names to them Mullen and Grace said because it was completely or nearly completely uncorroborated it was just their claim about what happened the jury could have said well I don't believe you Mullen I don't believe you Grace you never said anything about Maxwell being part of the conspiracy until you needed some help from the government and all of a sudden now Maxwell's part of the conspiracy and Mullen and Grace you changed your story prior to trial to bring Maxwell Carlton Maxwell more into a conspiracy so the jury could have decided we're not going to believe Mullen and Grace so that's that's the basis there was another argument with respect to the instructions but I'll move on I think to the the question about the sentence that was imposed yeah I just briefly went over grounds that and this was elaborated upon in in the briefs the reason that Mullen and Grace were not sufficiently credible and reliable that to support the probable accuracy of what they said which is you know the basic bare minimum standard for a judge relying on testimony to establish the facts for imposing a sentence when it's based on I'm sure you're aware of the very high bar of credibility argument at this juncture what what takes this case out of the the typical case where the deference owed to the jury's yeah well in this case the the judge decided to credit the district court judge decided to credit for purposes of sentencing what Mullen and Grace said because there was a search of another individual that was supposedly part of the I assume that's what you're talking about rather than you're in the sentencing so this individual had a significant amount of methamphetamine the judge said that because this individual had a Bernard Davis had a significant amount of drugs and he was satisfied the judge was that what Mullen and Grace said about Carlton could be true that he had a significant amount of drugs and I think that I think that's too many a chain of inferences far too tenuous to justify that finding that because somebody who supposedly is part of the conspiracy had a large quantity of drugs the informant said that large amount of drugs and therefore Charlton had a large amount of drugs I mean that's just I think faulty reasoning in this case by the judge which sets it aside from your typical case where a quantity determination is based on what an informant said the other thing is that there was nothing about Carlton's lifestyle that indicated that he was selling large quantities of drugs which was a factor that was mentioned in the United States versus Simmons which was a case I just submitted with a 28-j letter earlier in the week so then our fallback position is with respect to sentencing even if the judge correctly concluded that he could rely on what the informant said for purposes not the informants Grace and Mullen said about Charlton's involvement in the conspiracy and the quantity is it proper for the judge to use a high estimate versus a low estimate where the informants have said it have made two different estimates themselves this is the Walton rule that was the subject of the rule 28-j letter in other words if an in the defendant distributed 100 grams and there's also evidence that a defendant distributed the kilo in the evidence supporting the 100 grams or the kilo is no more compelling than the evidence that supports the 100 grams why is it a violation of due process or proper the Walton rule is that under those circumstances due process limits the application or the use of the higher estimate because it's more likely to be false but it's likely to be false or just as challenging the instructions and also the sentence imposed and counsel could I ask you a question before you before you reserve time the buyer-seller instruction right what evidence was there that there was just a buyer-seller relationship as opposed to a drug or a vast drug conspiracy between the five individuals we talked about earlier um well the buyer so the the name of the of the the paid informant uh was true he got into he got arrested he was told that he could help himself if he you know tried to arrange some control buys he did he arranged three controlled buys um with charlton maxwell and that's the level uh quantities uh okay so it sounds to me like it's the same basis as the uh the government uh or the government agent instruction that you wanted they're just basically same facts yeah same facts right okay thank you all right thank you thank you mr meyer mr lammers may it please the court counsel good morning your honors my name is jack lammers i represent the united states of america i'm an assistant united states attorney in the northern district of iowa i want to address a couple of issues that were raised by uh mr meyer on his uh opening argument to the court first of all i think mr meyer um referred to the testimony of uh cooperating witnesses as uncorroborated and i know throughout the brief uh the phrase uncorroborated came up a lot i would submit to the court that that is simply not an accurate description of what occurred at this particular trial at this particular trial as the court's aware there were three controlled buys granted they were three relatively small controlled buys by mr true from the defendant on december 5th december 6th december 13th of 2019 those if they were the basis the sole basis for the case mr meyer and the defendant would have a conspiracy involved and that potentially a buyer seller instruction should have been warranted however that was not the extent of the evidence that was put in front of the jury the evidence that was put in front of the jury was that in addition to these three controlled buys there were search warrants done at the homes of other members of the conspiracy there was a search there was in fact a controlled buy of two ounces of methamphetamine with the co-conspirator antoine davis as he left 223 5th street in mason city iowa when the search warrant was done at 223 5th street mason city iowa mr davis jumped out of the window ran off and when the agents got into 223 5th street or 5th avenue i'm sorry i don't recall specifically uh they found over a pound of methamphetamine they found nearly two ounces of heroin they found four guns there was a search warrant at um 807 north federal uh in mason city iowa 807 north federal was the residence of the head of the conspiracy michael graham or toughy and the testimony was replete throughout the trial everyone stated these folks are in a conspiracy together even mr true who actually was the was the informant and bought the small amounts even he said the head of this conspiracy is toughy he's the guy in charge he's the boss search warrant is done at that particular residence and a firearm is found and i believe there was some heroin found uh as well uh all of these factors as well then as charlie ann mullen uh and or charlie and cling uh and armando gray stated there's a conspiracy here the defendant's involved in a conspiracy the defendant is trafficking methamphetamine the defendant is trafficking quarter pounds of methamphetamine uh in fact uh mr gray says the defendant trafficked to him personally three to four quarter pounds of methamphetamine uh and probably more i think he was very conservative in his estimate he says he saw the defendant breaking down pounds of methamphetamine not at the same place that the co-defendant tuan or antoine maxwell did but at the 8th street address and then further there's a search warrant at the 8th street address where there is packaging materials found and the 8th street address is the defendant's resident residents excuse me there's packaging materials found there's what agents believe to be a small amount of uh heroin uh and there are there's handgun ammunition in the defendant's room the agents corroborated the testimony of uh the cooperating individuals the agent said we saw charlton maxwell on a weekly basis at the 5th street address the bernard davis address where the large amounts of methamphetamine and the heroin were found the agent said we saw mr maxwell charlton maxwell on a weekly basis at tuffy's apartment on north federal so i guess the idea that somehow or another this is simply an uncorroborated allegation by someone who comes in and says oh yeah that that guy mr maxwell is involved uh in drug trafficking that's not supported by the facts that the uh that the jury heard and the uh the information that was put in front of the jury the uh the district court stated in regards to drug quantity the district court stated uh that it had more comfort in its decision based on the fact that there were large amounts of methamphetamine actually found didn't state that the only reason that it found the drug quantity that it did was because mr davis had a pound of methamphetamine or over a pound of methamphetamine and aid or excuse me two ounces of heroin but it said that that helped give him some comfort uh in his determination uh in making the uh the decision so i don't think that uh the district court using the corroboration to support its drug quantity determination is somehow um an improper determination when the court decided that the defendant was involved in uh the drug quantity that he was i would like to point out to the court as well that this is a very conservative estimate of the drug quantity that the defendant was in the pre-sentence report mr tucker uh i don't recall his first name but mr tucker is bringing 10 ounces of methamphetamine during the course of the conspiracy he's bringing 10 ounces of excuse me 10 ounces of heroin from detroit to mason city and he's bringing that 10 ounces of methamphetamine to the head of the conspiracy to uh toffee graham the defendant's not held accountable for that it's listed uh in the pre-sentence report but he's not held accountable for that the defendant's not held accountable for the two ounces of methamphetamine that antoine maxwell his son sold to the confidential informant ben true in i believe april or may of uh of 2020 i believe it was he's not held accountable for that even though it's during the during the course of the conspiracy he's not held accountable for uh charlie ann mullen or clings statement that she bought drugs from him between 150 and 200 times the pre-sentence report scored it as 80 instead of 150 to 200 times a very conservative estimate of the drug quantity he's not held accountable for the methamphetamine and the heroin that was actually recovered from bernard davis's home so contrary to um i guess the argument that somehow or another this drug quantity is falsely or not falsely excuse me is somehow inflated the court was very conservative in its determination as to what drug quantity that the defendant should be held accountable for the court did exactly what we want the district court to do the court made a credibility determination it listened to the testimony at the trial after it made the credibility determination it found by preponderance that the defendant was responsible for the drugs that the defendant was responsible for and in fact again conservatively really only the drug quantity that went through the defendant's hands personally this case the cooperators are corroborated they're corroborated between themselves they're corroborated by observations of law enforcement they're done by law enforcement and they're corroborated by what everyone else who testified stated here's the conspiracy here's who the head of the conspiracy is here's the structure of the conspiracy and they were consistent among one another your honors the district court the jury got this right in its determination and i would state i i think mr meyer said something along the the cooperators testimony and still then found him guilty because of this lack of instruction i don't believe that to be accurate the jurors had to accept at least in part some of the cooperators testimony to reach the verdict that they reached they determined that the defendant was involved in a conspiracy to distribute more than five grams of actual pure methamphetamine mr true never bought more than five grams of actual pure methamphetamine so the jury by its we believe at least in part uh these cooperators counsel can i ask you about the buyer buyer seller instruction is the idea here um to rely on the large quantities um automatically get you a buyer seller instruction which i have some concerns about or was the idea that there was no evidence of a buyer seller relationship that there was a sort of five member conspiracy and they were passing drugs along to each other what's what was the theory behind not giving the buyer seller instruction well and i think the district court uh uh answered that your honor uh when it stated in uh in its order overruling um the buyer seller instruction instruction is uh said well if it was mr true and mr true only uh then perhaps a buyer seller instruction would have been warranted and i think that that's a correct statement um with mr true we we get what i think um quarter gram or something along those lines or a half a gram of heroin uh on three occasions and on one of those occasions uh an eight ball of methamphetamine as well and i think the district court correctly said well if that's all we had then perhaps your request for the buyer seller instruction would be warranted but that's not all we have what we have here are literally hundreds of drug transactions uh between um the defendant and uh charlie ann mullen we have multiple drug transactions of larger quantities between the defendant and armando grays uh we have then uh the larger drug transaction of a quarter pound of methamphetamine um to charlie ann mullen which was supposed to be a half pound of methamphetamine with charlie ann mullen uh and the court said based on this and based on the overall structure of the conspiracy with the defendant's place in the conspiracy very simply the the buyer seller instruction is not warranted and i believe that's correct assessment of the evidence that was put in front of the jury and if the court has uh no further questions thank you very much thank you mr lemmers  um in a rebuttal uh to the notion that there was a lot of evidence in support of the conspiracy i just want to point out two things that there were hundreds of transactions involving uh charlton maxwell a person who was under surveillance why were there no um why was there were no transactions involving no drug buyers coming or going from the residence observed during surveillance um this notion that the that maxwell was involved in hundreds of transactions uh involving methamphetamine is contrary to what both mullen and grays originally said he was only in preparation for trial that all of a sudden that cling decided that she had made hundreds of transactions involving methamphetamine with charlton it was only in preparation for trial that grays decided that uh in fact uh one of these other individuals had sent grays to charlton rather than to a different person to buy methamphetamine they're so that what they said at trial should be given credibility when they said something contrary beforehand when they didn't have as much as much as stake combined with the fact that the three controlled buys were the only drugs that were obtained from carlton or found in his possession in the course of a two and a half year investigation so the notion that there is substantial corroboration for what grays and clings uh or mullen said is um arguable to say the least um so in summary our our position is that a person because of his association with others has been found guilty of a substantially more significant offense than is warranted so thank you very much thank you and thank you also for representing your client under the criminal justice act thank you all right thank you counsel for the argument you've supplied to the court this morning we will take the case under advisement madam clerk i believe we have one